```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CLEO REYER SCHEXNAYDRE                    *       CIVIL ACTION

versus                                    *       NO. 06-7908

ALLSTATE INSURANCE COMPANY and            *       SECTION "F"
GREG DOIRON AGENCY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Ms. Schexnaydre's home was damaged by Hurricane Katrina. Sometime before the storm, she secured homeowner's and flood insurance through an Allstate agent, Greg Doiron.[1] The flood insurance policy was a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA. She filed claims under their homeowner's and flood insurance policy, but State Farm did not pay the claims in full; State Farm relied on a water exclusion in the homeowner's policy in denying part of the claim.

Ms. Schexnaydre sued Doiron and Allstate in state court, requesting payment under her homeowner's policy for damages to her home that State Farm refused to pay because of its interpretation

---

[1] It is unclear from the record and the papers when exactly the plaintiff secured her homeowner's policy and her flood policy.

1

of the water exclusion.  She accuses Doiron of negligence and breach of fiduciary duty in the procurement of insurance, including failing to secure the flood insurance requested and failing to advise her regarding adequate flood insurance for the contents of her home.  She alleges that Allstate is liable for the errors and omissions of its agent and errors and omissions in its company policy materials.

Allstate removed the case to this Court on October 12, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.  Alternatively, Allstate argues that this Court has diversity jurisdiction under  28 U.S.C. §1332 or jurisdiction under the federal officer removal statute 28 U.S.C. §1442.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co.,

2006 WL 2925448 (E.D. La. Oct. 10, 2006); <u>Bienemy v. American Sec. Ins. Co.</u>, 2006 WL 2925454 (E.D. La. Oct. 10, 2006); <u>Tomlinson v. St. Paul Fire & Marine Ins. Co.</u>, 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384, 389 n.3 (5th Cir. 2005); <u>Newman v. Allstate Ins. Co.</u>, 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); <u>Sullivan v. State Farm & Casualty Co.</u>, 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); <u>Landry v. State Farm Fire & Casualty</u>, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); <u>Sullivan v. State Farm and Casualty Co., et al.</u>, 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

This case is no different.  Similar to the plaintiff's case in <u>Landry</u>,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The plaintiff states that only Allstate's failure to pay pursuant to her homeowner's policy is at issue.  She says she relied on Mr. Doiron's advice in obtaining her homeowner's policy and that the policy and the process for handling her homeowner's claim was not as Mr. Doiron had represented.  Allstate, however, contends that

3

the plaintiff has "put[] at issue how her flood claim was handled." The Court does not agree with Allstate's contorted reading of the plaintiff's complaint; Allstate fails to convince the Court that the plaintiff's claims arise from Allstate's compliance with FEMA regulations under an NFIP policy.  Rather, the plaintiff's claims relate to asserted errors or omissions in the procurement of her insurance policy and the failures in timely adjusting the claim under her homeowner's policy.[2]

Likewise, Allstate fails to discharge its heavy burden to convince the Court that local defendant Greg Doiron was improperly joined.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Allstate has not met its burden in proving that Ms. Schexnaydre has no possibility of recovery against Greg Doiron under Louisiana state law.[3]

---

[2] Accordingly, Allstate also fails to show that federal jurisdiction is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442.  Allstate contends that it is FEMA's fiscal intermediary and therefore removal under this statute is appropriate.  But Allstate merely suggests that federal regulations govern flood insurance.  This falls short of establishing that it acted pursuant to a federal officer's directions and that a causal nexus exists between its actions under color of federal office and Ms. Schexnaydre's claims.  See Rizzuto v. Tully, et al., 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006) (Africk, J.) (citing Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998)).

[3] Further, the Court notes that the record fails to conclusively establish exactly when the plaintiff bought her policy, or the circumstances surrounding its renewal; the Court cannot on this record fully address Allstate's assertion that the

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the 24th Judicial District for the Parish of Jefferson.

New Orleans, Louisiana, December 14, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

plaintiff's claims against Greg Doiron have been perempted.  Thus, Allstate fails to discharge its heavy burden to show that Mr. Doiron was improperly joined.